IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT LOWE | * | |
| | * | |
| v. | * | CIVIL ACTION NO. AMD-07-2714 |
| | * | |
| WARDEN | * | |
| | *** | |

MEMORANDUM

This action was filed on October 5, 2007. Petitioner seeks to have this court investigate his state court criminal proceedings and the presiding state court judge who handled them. Paper No. 1. Although petitioner has not filed a motion for leave to proceed in forma pauperis, because he appears indigent, indigency status shall be granted pursuant to 28 U.S.C. § 1915(a).

The court concludes that the present matter is in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This court does not have the authority to investigate his state court criminal proceedings or the state court judge who presided over same. Moreover, this court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to take any specific action in petitioner's case.[1] *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, the request for mandamus relief shall be denied. An Order follows.

Date: October 16, 2007          \_/s/_____
                                 Andre M. Davis
                                 United States District Judge

---

[1] Petitioner is, as he notes, free to file an appeal of his state court conviction as well as a petition for post-conviction relief in the appropriate state courts. After he has exhausted those available state court remedies he is then free to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this court if he believes his constitutional rights were violated in his state court proceedings.